UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ANNETTE PETRUSA AND ANNETTE PETRUSA, INC., D/B/A KIPS BAY TOWERS REALTOR,**<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>**THE CONDOMINIUM BOARD OF THE KIPS BAY TOWERS CONDOMINIUM, INC.**<br><br>　　　　　Defendant. | Civil Action No. 1:18-cv-07723-CM<br><br>**ANSWER TO COUNTERCLAIM** |

Plaintiffs Annette Petrusa and Annette Petrusa, Inc., d/b/a Kips Bay Towers Realtor ("Petrusa") hereby state as follows by way of Answer to the Counterclaim filed by defendant The Condominium Board of the Kips Bay Towers Condominium, Inc.

## AS TO FIRST COUNTERCLAIM

### (Cancellation of U.S Registration No. 5,403,736)

107. Deny.

108. Deny. Plaintiff is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 108.

109. Deny. Plaintiff is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 109.

110. Deny.

111. Deny.

112. Deny.

113. Deny.

114. Deny. In addition, plaintiffs are the federally registered owners of the subject mark(s) as outlined in plaintiff's Complaint.

115. Deny.

116. Deny.

117. Deny.

118. Admit only that Petrusa is the owner of a unit in the subject condominium complex. Deny the remaining allegations in Paragraph 118.

119. Deny.

120. Admit only that defendant's alleged mark infringes upon plaintiff's mark and is very similar to plaintiff's mark in a manner that causes confusion, among other things, which resulted in the United States Patent & Trademark Office denying defendant's application to register the mark(s) in defendant's name. Deny the remaining allegations in Paragraph 120.

121. Deny. The only confusion or deception is that caused by defendant's efforts to use Petrusa's registered mark(s) in controversy.

122. Deny. This paragraph is ambiguously and incomprehensible. Admit only that plaintiff's and defendant's business activities are not related or connected.

123. Admit.

124. Admit only that the Board filed the Cancellation Proceeding and that such action is currently stayed pending the outcome of the instant litigation. Deny the remaining allegations in Paragraph 124.

125. Deny. Petrusa cites her Registration Application for its true meaning and legal import. In addition, the Board's efforts to use the mark(s) in the Board's business is indeed an infringement upon Petrusa's mark(s) given the close resemble and identical spellings of the mark(s).

126. Deny.

127. Deny.

128. Deny.

129. Deny.

130. Deny.

131. Deny.

132. Deny.

133. Deny.

## AS TO SECOND COUNTERCLAIM

### (Declaratory Judgment)

134. Deny.

## AS TO THIRD COUNTERCLAIM

### (Plaintiffs are Infringing Defendant's Kips May Towers Marks and Committing Unfair Competition in Violation of 15 USC § 1125(a))

135. Deny.

## AS TO FOURTH COUNTERCLAIM

### (Plaintiffs are Violating NY Gen. Bus. Law § 360-K)

136. Deny.

## AS TO FIFTH COUNTERCLAIM

### (Plaintiffs' Conduct Constitutes Common Law Unfair Competition)

137. Deny.

## AS TO SIXTH COUNTERCLAIM

### (Plaintiffs' Conduct Violations NY Gen. Bus. Law § 360-1)

138. Deny.

## **AFFIRMATIVE DEFENSES**

1. Defendant fails to state a cause of action upon which relief may be granted.

2. Defendant's claims are barred by the applicable statute of limitations.

3. Defendant's claims are barred by the doctrine of waiver.

4. Defendant's claims are barred by the doctrine of equitable estoppel.

5. Defendant's claims are barred by the doctrine of laches.

6. Defendant's claims are barred because Petrusa's first and original use of the mark(s) was the first use in the subject trades, and consequently enjoy priority and first use over Defendant's purported use of the mark(s), and Petrusa is consequently the owner of the mark(s).

7. Defendant's claims are barred because they come to court with unclean hands, and because they have filed a frivolous and meritless Cancellation Proceeding in response to a legitimate and property filed/obtained registration of the marks(s) by Petrusa that was properly reviewed and granted by the USPTO.

8. Defendant's claims are barred by the Statute of Frauds.

9. Defendant's claims are barred by res judicata and collateral estoppel because the USPTO approved Petrusa's application for registration of the mark(s) and such approval and registration enjoys the presumption of validity in response to Defendant's claims.

10. Defendant's claims are barred by its failure to mitigate its damages.

11. Defendant's claims are barred because its alleged damages are speculative and/or non-existent.

12. Defendant's claims are barred because the services for which Defendant has registered the mark(s) for are not related, and are not services that Defendant would likely enter into and/or ever transition into.

13. Defendant's claims are barred because it does not compete with Petrusa and does not participate in the business or industry that Petrusa does for which Petrusa uses her registered mark(s).

14. To the extent Defendant ever had any rights or ownership in the mark(s), Defendant has abandoned any interest in the mark(s).

15. Defendant's claims are barred by Petrusa's fair use of the mark(s).

16. Defendant's clams are barred by the fact Petrusa is the registered owner of the mark(s) in controversy.

17. In the event Defendant has any interest in the mark(s), Defendant's claims are barred by the fact Petrusa is an innocent infringer.

18. Defendant's claims are barred by the doctrines of setoff and recoupment.

19. Defendant's claims are barred because it does not engage in the business, goods, services, and market industry that Petrusa engages in for purposes of using the mark(s).

20. Defendant's claims are barred by estoppel by Defendant's acquiescence.

21. Defendant's claims are barred by its failure and/or refusal to enforce the marks in any sector of the real estate market or industry.

22. Defendant's claims are barred because the requested relief is not available under the Lanham Act.

23. Petrusa is entitled to attorneys' fees and costs under the Lanham Act and 15 U.S.C. 1117.

24. Defendant's claims are barred because it has failed to continuously use the mark(s).

25. Defendant's claims are barred because it has not received any notoriety, public recognition, fame, reputation, goodwill or secondary meaning in its business operations and/or its use of the mark(s).

26. Defendant's claims are barred because it has made no effort to market or promote its business using the mark(s).

27. Defendant's claims are barred because Defendant's use of the mark(s) cannot co-exist with Petrusa's use of the mark(s).

28. Defendant' claims are barred by the Lanham Act and the applicable case law.

29. Defendant's claims are barred by its own actions and/or omissions.

30. Plaintiff reserves the right to assert additional affirmative defenses if and/or when they become discovered or learned during the course of this litigation and discovery.

Respectfully submitted,

/s/ Bob Kasolas, Esq.
Bob Kasolas, Esq.
**BRACH EICHLER LLC**
101 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: 973-228-5700
Facsimile: 973-228-7852
*Attorneys for Plaintiff*

Dated:  February 13, 2019

## **CERTIFICATION PER LOCAL RULE 1.6**

I hereby certify that the above referenced matter in controversy is not related to any other pending matter or arbitration that contains and/or may contain the same or similar causes of action set forth in this matter.

                                        **BRACH EICHLER LLC**
                                        Attorneys for Plaintiff

                                        _____/s/_____
                                        Bob Kasolas, Esq.
                                        **BRACH EICHLER LLC**
                                        101 Eisenhower Pkwy
                                        Roseland, New Jersey 07069
                                        Tel: (973) 228-5700
                                        Fax: (973) 618-5539

Dated: February 12, 2019